Richard John ALTO, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–85–639CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 30, 1986.

Robert S. Bennett, Jim Skelton, Randy Schaffer, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

ORDER

PER CURIAM.

Appellant entered a plea of not guilty before a jury to the offense of burglary of a habitation. TEX. PENAL CODE ANN. § 30.02. He was convicted and the jury assessed punishment, enhanced under TEX. PENAL CODE ANN. § 12.42(c), at imprisonment for life.

On December 4, 1985, time to file a statement of facts expired and no timely motion for extension of time was filed. TEX.R. APP.P. 54(b) and (c). On March 13, 1986, this Court abated the appeal because of retained counsel's failure to file a brief. The trial court appointed new counsel, ordered the preparation of a statement of facts, and entered findings that the ineffective assistance of retained counsel on appeal deprived appellant of a statement of facts. These findings were entered without benefit of a hearing and have been submitted to this Court without a record.

Under the Texas Rules of Appellate Procedure, the authority and responsibility for extensions of time to file the appellate record rest exclusively in the appellate court. When an extension motion is filed after the time allowed under Rule 54(c), this court is deprived of its authority to grant an extension absent evidence of ineffective assistance of counsel on appeal under Rules 83 and 53(m). The burden of making such a factual determination falls upon the appellate court. This court cannot shirk this responsibility by relying upon findings and conclusions from the trial court unsupported by a record.

Pursuant to TEX.R.APP.P. 53(m), the judge of the 228th District Court shall immediately conduct a hearing to determine whether appellant has been deprived of a statement of facts because of ineffective assistance of counsel on appeal or for any other reason and prepare a record of the hearing. The record shall be filed with the

clerk of this Court at or before noon on December 1, 1986.